UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL LOVE,<br>    Plaintiff,<br><br>            v.<br><br>2610 LYCHEE, LLC, and<br>BERONICA LILIANA<br>CERVANTES,<br>    Defendants. | CV 18-0521 DSF (KKx)<br><br>Order to Show Cause re<br>Supplemental Jurisdiction |

Plaintiff Samuel Love has asserted claims under the Americans with Disabilities Act (ADA) and the Unruh Act against Defendants 2610 Lychee, LLC, and Beronica Cervantes. Dkt. 1 (Compl.). The Complaint seeks injunctive relief under the ADA and "actual damages and a statutory minimum of $4,000" pursuant to §§ 55.56(a)-(c) of the Unruh Act. Id. at 8. On September 30, 2019, the Court denied Plaintiff's motion for partial summary judgment against Defendant 2610 Lychee. Dkt. 36 (Order). In its Order, the Court indicated that it would require Plaintiff to show cause why the Court should exercise supplemental jurisdiction over his Unruh Act claim. Id. at 6 n.3.

The supplemental jurisdiction statute "reflects the understanding that, when deciding whether to exercise supplemental jurisdiction, 'a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity.'" City of Chicago v. Int'l Coll. of Surgeons, 522 U.S. 156, 173 (1997) (quoting Carnegie-Mellon Univ. v. Cohill, 484 U.S.343, 350 (1988)). A court must "consider and weigh" the factors concerning supplemental jurisdiction "at every stage of the litigation."

Id. (quoting Cohill, 484 U.S. at 350). In light of legislative efforts by the State of California to curb Unruh Act litigation and the ensuing increase in Unruh Act filings in federal court, the Court believes it is appropriate to consider the propriety of exercising supplemental jurisdiction in this case.

California has undertaken a series of escalating statutory efforts to curtail the filing of Unruh Act claims in its state courts. "In 2012, in an attempt to deter baseless claims and vexatious litigation, California adopted heightened pleading requirements for disability discrimination lawsuits under the Unruh Act." Velez v. Il Fornaio (America) Corp., No. 18-cv-1840 CAB (MDD), 2018 WL 6446169, at *6 (S.D. Cal. Dec. 10, 2018). Under these heightened pleading requirements, plaintiffs must allege specific facts concerning the barriers encountered and how the plaintiff was deterred, see Cal. Civ. Proc. Code § 425.50(a), and verify their complaints. See Cal. Civ. Proc. Code § 425.50(b)(1).

In October 2015, California imposed additional limitations on "high-frequency litigants," defined under statute as: "plaintiff[s] who ha[ve] filed 10 or more complaints alleging a construction-related accessibility violation within the 12-month period immediately preceding the filing of the current complaint alleging a construction-related accessibility violation." Cal. Civ. Proc. Code § 425.55(b)(1). This definition also extends to attorneys. See Cal. Civ. Proc. Code § 425.55(b)(2). High-frequency litigants are subject to a supplemental $1,000 filing fee and required to disclose additional facts, including the number of similar complaints they have filed. Cal. Gov't Code § 70616.5; Cal. Civ. Proc. Code § 425.50(a)(4)(A).

To avoid these fees and procedural safeguards, some high-frequency litigants have taken to filing their claims in federal court "as an end-around to California's pleading requirements." Schutza v. Cuddeback, 262 F. Supp. 3d 1025, 1031 (S.D. Cal. 2017). Such "forum shopping" is inappropriate and may provide "a compelling reason to decline supplemental jurisdiction." Id.

The Court therefore orders Plaintiff to show cause in writing no later than October 23, 2019 why the Court should exercise supplemental jurisdiction over the Unruh Act claim asserted in the Complaint. See 28 U.S.C. § 1367(c). Plaintiff and his counsel must support the response to the Order to Show Cause with declarations, signed under penalty of perjury, providing all facts necessary for the Court to determine if either satisfies the definition of a "high-frequency litigant" under California Civil Procedure Code §§ 425.55(b)(1)&(2). Failure to timely or adequately respond to this Order to Show Cause may result in the dismissal of the entire action without prejudice or the Court declining to exercise supplemental jurisdiction over the Unruh Act claim and the dismissal of that claim pursuant to 28 U.S.C. § 1367(c).

IT IS SO ORDERED.

Date: October 11, 2019

Dale S. Fischer
United States District Judge